UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-

Oluwaseun Adelekan,

            Defendant.

19-cr-00291 (LAP)
24-cv-08303 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are Defendant's "motion requesting certain documentation" regarding the empanelment of the grand jury that returned the fourth superseding indictment ("Motion") and Defendant's habeas petition pursuant to 28 U.S.C. § 2255 ("Habeas Petition"). (See dkt. nos. 721, 764.) As explained below, Defendant's Motion is denied, and Defendant is permitted leave to amend his Habeas Petition.

**I.   Background**

The focus of both the Motion and Habeas Petition is Defendant's allegation that the grand jury was improperly extended, which in turn invalidates the fourth superseding indictment in his case. (Dkt. no. 721 at 1; dkt. no. 764 at 1.) In support of his claim, Defendant asserts only that he was originally indicted on April 25, 2019 and that the fourth superseding indictment was returned on September 9, 2021, "[w]hich clearly demonstrates that Defendant was taken to trial on a fourth superseding indictment returned by an out of term Grand Jury, in

violation of Fed. R. Crim. P., Rule 6(g)."  (<u>Id.</u>)  As such, Defendant filed the Motion on April 9, 2024, seeking information he believes will confirm that the grand jury was improperly empaneled.  The Government, in opposing the Motion, noted that Defendant failed to identify a procedural mechanism permitting for such relief and even construing the Motion as a request for discovery pursuant to a Section 2255 petition, Defendant's Motion still fails because there was no Section 2255 petition pending. (Dkt. no. 727 at 1.)  This Habeas Petition followed.

Accordingly, the Court construes Defendant's Motion as a request for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

## II. Discussion

A habeas petitioner, unlike a typical civil litigant, is not entitled to discovery "as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2255 Proceedings grants the court discretion to authorize discovery based on a showing of "good cause." <u>Id.</u> at 908-09.  To establish good cause as to grand jury records, specifically, a petitioner must demonstrate a "particularized need" through specific factual allegations. <u>See</u> <u>United States v. Moten</u>, 582 F.2d 654, 662-63 (2d Cir. 1978); <u>United States v. Burford</u>, 775 F. Supp. 607, 614 (S.D.N.Y. 1991) (noting that speculation of grand jury misconduct is not an adequate substitute

for factual allegations).  An allegation of improper grand jury empanelment based only on the length of time between superseding indictments, without more, is insufficient.  See, e.g., United States v. Archuleta, 2018 WL 8646703, at *7 (S.D.N.Y. July 31, 2018) (Preska, J.).

Defendant claims that the grand jury in his case was empaneled beyond the term length allowed under the Federal Rules of Criminal Procedure.  (See dkt. no. 721 at 1.)  Defendant cites only the amount of time that passed between the date of the original indictment and the date of the fourth superseding indictment.  As discussed above, however, the timeframe alone, without more specific factual support, is insufficient to establish good cause. Defendant has therefore failed to meet his burden, and the Motion is denied.

Additionally, Rule 2 of the Rules Governing Section 2255 Proceedings requires that a "motion must . . . specify all the grounds for relief available to the moving party . . . [and] state the facts supporting each ground."  Rule 1 sets forth possible grounds for relief.  Defendant's Habeas Petition repeats the same allegations relied upon in the Motion, but it does not identify a ground for relief as required by the relevant rules.  Defendant is permitted an opportunity to amend his Habeas Petition to raise the ground(s) for relief and state any supporting fact(s).

## III. Conclusion

For the reasons set out above, Defendant has not shown good cause to justify the production of grand jury records, and the Motion, (dkt. no. 721), is therefore denied.   Defendant is permitted until December 16, 2024 to file an amended habeas petition that complies with the requirements of the Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

Dated:    November 21, 2024
          New York, New York

LORETTA A. PRESKA
Senior United States District Judge